# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                  Case No. 13-20123-01-JWL
                                                                       16-cv-2468-JWL

**Willie Lee Pittman,**

    **Defendant.**

## MEMORANDUM & ORDER

In February 2014, defendant Willie Lee Pittman entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in May 2014, sentenced Mr. Pittman to 240 months of imprisonment followed by eight years of supervised release. This matter is now before the court on Mr. Pittman's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Mr. Pittman contends that he was classified as a "career offender" under the Guidelines and received an enhanced sentence that, according to Mr. Pittman, is now improper in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and requires that he be resentenced.

Mr. Pittman's motion is denied for two independent reasons. First, Mr. Pittman was not sentenced under the Guidelines at all. He was sentenced pursuant to the parties' Rule 11(c)(1)(C) agreement, which expressly disavowed reliance on the Guidelines and provided for a lower sentence than the range determined by the probation officer as calculated in the

Presentence Investigation Report (PSR).  Any enhancements calculated in the PSR, then, had no bearing on Mr. Pittman's sentence.

Second, even if the court had looked to the PSR in calculating Mr. Pittman's sentence, the PSR did not recommend an enhancement that has been implicated by *Johnson*.  As noted by Mr. Pittman, the PSR  presentence investigation report (PSR) recommended an enhancement to Mr. Pittman's sentence based on the career offender guideline, U.S.S.G. § 4B1.1.  That guideline provides that a defendant is a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*.  *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*).

Mr. Pittman's offense of conviction was a controlled substance offense and, as noted in the PSR, Mr. Pittman had two prior felony convictions for controlled substance offenses.  The PSR, then, recommended an enhancement under the "controlled substance" provisions of the career offender guideline rather than the "crime of violence" provisions of that guideline.  The residual clause that the Circuit struck down as unconstitutionally vague in *Madrid* is found in a provision of the guidelines that defines "crime of violence" for purposes of the "crime of violence" clause.  The "crime of violence" provisions were not applied or referenced in Mr.

2

Pittman's PSR. Thus, even if the court had relied on the PSR in sentencing Mr. Pittman (and, in light of the Rule 11(c)(1)(C) agreement, it did not), the PSR did not recommend an enhancement based on any Guideline implicated by the Supreme Court's decision in *Johnson*. The Supreme Court's holding in *Johnson* and, by extension, the Tenth Circuit's holding in *Madrid*, is inapplicable to Mr. Pittman's situation.

For the foregoing reasons, the court may not reduce Mr. Pittman's sentence based on the *Johnson* decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pittman's motion to vacate, correct or set aside his sentence (doc. 41) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge