# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                                                               Case No. 13-20123-01-JWL
                                                                                      16-cv-2468-JWL

Willie Lee Pittman,

    Defendant.

## MEMORANDUM & ORDER

In February 2014, defendant Willie Lee Pittman entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in May 2014, sentenced Mr. Pittman to 240 months of imprisonment followed by eight years of supervised release. In September 2016, this court denied Mr. Pittman's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he argued that he was classified as a "career offender" under the Guidelines and received an enhanced sentence that, according to Mr. Pittman, was improper in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). The court denied the petition for two independent reasons—Mr. Pittman was not sentenced under the Guidelines at all and, in any event, the PSR recommended an enhancement under the "controlled substance" provisions of the career offender guideline rather than the "crime of violence" provisions of that guideline. In other words, the "crime of violence" provisions were not applied or referenced in

Mr. Pittman's PSR and the PSR did not recommend an enhancement based on any Guideline implicated by the Supreme Court's decision in *Johnson*.

On May 1, 2017, this court received from Mr. Pittman a motion to amend his § 2255 petition in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and the Eighth Circuit's decision in *United States v. Higgins*, 710 F.3d 839 (8th Cir. 2013). The record reflects that Mr. Pittman has not received the court's memorandum and order denying his § 2255 petition because, for some unknown reason, the Clerk of the Court mailed that memorandum and order to the wrong address and it was returned. The Clerk has advised the court that he has since re-mailed a copy of that memorandum and order to Mr. Pittman. In any event, because the court has already denied Mr. Pittman's petition, there is no petition to amend and Mr. Pittman's motion to amend is moot.

Moreover, the court notes that Mr. Pittman would not benefit from the *Mathis* decision in any event. Under 28 U.S.C. § 2255(f)(1), Mr. Pittman had one year from the date his conviction became final to file his petition. The one-year filing period is extended if the petition is based on a right newly recognized by the Supreme Court and made retroactive to cases on collateral appeal. *Mathis* did not announce a new rule. Accordingly, Mr. Pittman may not rely on *Mathis* to revive the statute of limitations under § 2255(f)(3). In other words, any § 2255 petition filed by Mr. Pittman on the basis of *Mathis* would be untimely. *United States v. Taylor*, ___ Fed. Appx. ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (defendant could not rely on *Mathis* in a § 2255 petition filed nearly fifteen years after judgment in criminal case because *Mathis* did not announce a new rule for purposes of § 2255(f)(3)). The Eighth Circuit's *Higgins*

decision cannot revive the statute of limitations for the filing of a § 2255 petition because it is not a Supreme Court decision and was decided before Mr. Pittman's conviction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pittman's motion to amend his § 2255 petition (doc. 48) is **moot**.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge