# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                    Case No. 13-20123-01-JWL

**Willie Lee Pittman,**

    **Defendant.**

## MEMORANDUM & ORDER

In February 2014, defendant Willie Lee Pittman entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in May 2014, sentenced Mr. Pittman to 240 months of imprisonment followed by eight years of supervised release. This matter is now before the court on Mr. Pittman's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. 50). In his motion, which is based on *Hughes v. United States*, 138 S. Ct. 1765 (2018), Mr. Pittman contends that he is now eligible for a sentence reduction under Amendment 782, because the Supreme Court has found that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is a guideline sentence for the purpose of 18 U.S.C. § 3582(c)(2). As will be explained, the motion is dismissed.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under

limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Pittman is not entitled to a sentence reduction pursuant to Amendment 782 because this amendment "does not have the effect of lowering the defendant's applicable guideline range" as required in U.S.S.G. § 1B1.10(a)(2). According to U.S.S.G § 1B1.10(b)(1), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *See United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013). Mr. Pittman's Presentence Investigation Report (PSR) calculated a base offense level of 26 under § 2D1.1 because the offense involved distribution of 1.72 kilos of cocaine. But the PSR then recommended an enhancement to Mr. Pittman's sentence based on the career offender guideline, U.S.S.G. § 4B1.1. Under that guideline, Mr. Pittman was assigned an offense level of 37, with a total offense level of 34 after a 3-point reduction for acceptance of responsibility. The PSR, then, calculated a guideline range of 262 months to 327 months based on the career offender guideline. Amendment 782 had no effect on the career offender guideline and therefore did not lower the resulting guideline range. *United States v. Wallace*, ___ Fed. Appx. ___, 2018 WL 3385385, at *3 (10th Cir. July 11, 2018) (*Hughes* did not render defendant eligible for sentence reduction where initial sentence was based on career offender guideline; Amendment 782 had no effect on that guideline

2

and did not lower the resulting guideline range).  For that reason, Amendment 782 does not provide any relief to Mr. Pittman and no reduction is authorized by the statute.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pittman's motion for sentence reduction (doc. 50) is dismissed.

**IT IS SO ORDERED.**

Dated this 26th day of November, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
